UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION



| | § | |
|---|---|---|
| DAVID FOX, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 6-03CV 067 C |
| ALLSUPS, INC. | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff, for his claims and causes of action against Defendant, respectfully shows:

### STATEMENT OF CLAIM

1. Plaintiff, David Fox, is a person with disabilities, and uses a wheelchair for mobility.

2. Defendant has limited Plaintiff's physical ability to equally access the accommodations of its facilities, the Allsups Store Number 154 located at 1501 North Neches Street in Coleman, Texas ("Store #1"), and the Allsups Store Number 290 located at 102 Santa Anna Drive in Coleman, Texas ("Store #2").

3. This civil action seeks injunctive and declaratory relief, as appropriate, to redress the violation of disability laws which discriminate against Mr. Fox.

4. Plaintiff also seeks damages under Chapter 121 and attorney's fees, costs, and expenses.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under the ADA, 42 U.S.C. §12188(a)(1) - (2). Plaintiff also invokes this Court's supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

6. Defendant's actions and inactions, as alleged herein, all occurred in Coleman County, making venue proper in this Court, under 28 U.S.C. §1391(b)(2).

## PARTIES

7. Plaintiff lives in Coleman County.

8. Defendant Allsups, Inc. operates Store #1 at 1501 North Neches St. and Store #2 at 102 Santa Anna Ave. and can be served process by and through its registered agent for service of process, CT Corporation System, 350 North Saint Paul St., Dallas, TX 75201.

9. Store #1 and Store #2 are public accommodations and public facilities within the meaning of the ADA, Chapter 121, and Article 9102. Defendant has a legal duty to ensure that its facilities do not discriminate against individuals who use wheelchairs for mobility. Moreover, Defendant at all relevant times has had access to the ADA, Chapter 121, and Article 9102.

## FACTUAL BACKGROUND

10. Plaintiff Fox uses a wheelchair for mobility, is a "qualified individual with a disability" within the meaning of the ADA, is a "person with a disability" under Chapter 121 and has a "disability" within the meaning of Article 9102. Consequently, certain accommodations are necessary to allow him access to public buildings, goods, and services.

11. Mr. Fox arrived at Store #1 for the purpose of purchasing gasoline, a good offered to the public.

12. After filling his tank, Mr. Fox was unable to access the inside of the store to pay for the gasoline because the ramp was so steep.

13. As a result, Mr. Fox had to wait outside and attempt to flag down an employee of Allsups in order to assist him.

14. The inaccessibility of Store #1 was very frustrating to Mr. Fox, who was extremely inconvenienced by his inability to leave promptly after purchasing the goods.

15. In addition to his inability to use the ramp at Store #1, which is in clear violation of the

law, the parking lot has no accessible parking.

16. As a result, Mr. Fox is unable to park where he can exit and then re-enter his vehicle with his wheelchair.

17. Mr. Fox also attempted to buy goods at Store #2.

18. Once again, Mr. Fox discovered that Defendant had not provided any handicapped parking in the parking lot, and he was unable to find a place to park that would allow him the needed space to exit his vehicle.

19. Mr. Fox decided to park in a regular parking space and left the ramp to his van down, with the door open, in hopes that no one would park next to the ramp.

20. When Mr. Fox returned to his vehicle after making his purchase, a car had indeed parked directly next to the lift, and he was unable to access the lift to get back inside his vehicle.

21. Mr. Fox had to then wait until the owner of the car blocking his ramp returned and moved the car.

22. On each occasion, Mr. Fox left Store #1 and Store #2 feeling frustrated by the inaccessibility of the stores, and annoyed by the complete lack of regard for patrons with disabilities.

23. Allsups, Inc. illegally limited Plaintiff's ability to access its public facilities by failing to accommodate Plaintiff in his attempt to use Defendant's stores, and by effectively denying him the opportunity to purchase goods at Defendant's stores that are freely available to persons who do not have Plaintiff's disabilities.

## CAUSES OF ACTION

### I. VIOLATION OF TITLE III OF ADA

24. Store #1 and Store #2 are public accommodations within the meaning of the ADA. Accordingly, Title III of the ADA and the regulations promulgated thereunder require that facilities

of a private entity providing public accommodations be adapted in such a manner that the facility is readily accessible to, and usable by, individuals with mobility and physical disabilities.

25. The goods offered at Store #1 and Store #2 are not accessible to Plaintiff and other individuals with mobility and physical disabilities. Removal of the barriers preventing access is readily achievable, and consequently required under ADA Title III and its implementing regulations. 28 C.F.R. §36.304.

26. Allsups, Inc. has discriminated against Plaintiff and others similarly situated, due to their disabilities, depriving them of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Allsups's places of public accommodation, violating 42 U.S.C. §12182(a). 28 C.F.R. §36.201.

27. Allsups, Inc. also subjected Plaintiff and others similarly situated, because of their disabilities, to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Store #1 and Store #2, violating 42 U.S.C. §12182(b)(1)(A)(i). 28 C.F.R. §36.202(a).

28. Moreover, Defendant denied Plaintiff and others similarly situated, because of their disabilities, the opportunity to participate in or benefit from a good, service, facility, or accommodation that is equal to that afforded to other individuals, violating 42 U.S.C. §12182(b)(1)(A)(ii). 28 C.F.R. §36.202(b).

29. In addition, the ADA Accessibility Guidelines ("ADAAG") establish the standards to which public accommodations must conform in order to comply with the ADA. ADAAG applies to Store #1 and Store #2, regardless of whether they are new or old construction, since removal of the barriers described herein is readily achievable within the meaning of the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. Ch., Pt.36, App.A.

30. Defendant has violated the following sections of ADAAG as a result of the barriers and deficiencies described above:

a) §4.1.2, which requires at least one accessible route complying with 4.3 to be provided within the boundary of the site from public transportation stops, accessible parking spaces, passenger loading zones if provided, and public streets or sidewalks, to an accessible building entrance.

b) §§4.6.1 and 4.6.2, which require a minimum number of parking spaces, according to the size of the parking lot, which are to be accessible under 4.1 and in compliance with 4.6.2 through 4.6.5, and which require accessible parking spaces serving a particular building to be located on the shortest accessible route of travel from adjacent parking to an accessible entrance.

c) §4.3.2, which requires at least one accessible route within the boundary of the site to be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve.

d) §4.3.7, which states that an accessible route with a running slope greater than 1:20 is a ramp and must comply with 4.8. In addition, nowhere shall the cross slope of an accessible route exceed 1:50.

e) §§4.8.1 and 4.8.2, which states that any part of an accessible route with a slope greater than 1:20 must be considered a ramp and therefore comply with 4.8. Further, the least possible slope must be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm).

f) §§4.1 and 4.14, which require entrances that must be accessible by 4.1 shall be part of an accessible route complying with 4.3. Such entrances must be connected by an accessible route to public transportation stops, to accessible parking and passenger loading zones, and to public streets or sidewalks if available (see 4.3.2(1)). They shall also be connected by an accessible route to all accessible spaces or elements within the building or facility.

## II. VIOLATION OF CHAPTER 121 AND ARTICLE 9102

31. Article 9102 (the Texas Architectural Barriers Act) was adopted to further the policy of the State of Texas to eliminate discrimination against, and promote the equal treatment of, persons with disabilities, and in order to make buildings accessible to, and functional, for such persons.

32. Pursuant to legislative mandate in Section 5(c) of Article 9102, the Texas Department

5

of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum standards for compliance with Article 9102. Modeled after ADAAG, the goal of TAS is to encapsulate the requirements of public facilities necessary to meet state standards of accessibility. Defendant's violations of ADAAG represent violations of the ADA, while violations of TAS represent violations of Art. 9102, and separately, Chapter 121.

33. Defendants have violated the following sections of TAS as a result of the barriers and deficiencies described above:

a) §4.1.2, which requires at least one accessible route complying with 4.3 to be provided within the boundary of the site from public transportation stops, accessible parking spaces, passenger loading zones if provided, and public streets or sidewalks, to an accessible building entrance.

b) §§4.6.1 and 4.6.2, which require a minimum number of parking spaces, according to the size of the parking lot, which are to be accessible under 4.1 and in compliance with 4.6.2 through 4.6.5, and which require accessible parking spaces serving a particular building to be located on the shortest accessible route of travel from adjacent parking to an accessible entrance.

c) §4.3.2, which requires at least one accessible route within the boundary of the site to be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve.

d) §4.3.7, which states that an accessible route with a running slope greater than 1:20 is a ramp and must comply with 4.8. In addition, nowhere shall the cross slope of an accessible route exceed 1:50.

e) §§4.8.1 and 4.8.2, which states that any part of an accessible route with a slope greater than 1:20 must be considered a ramp and therefore comply with 4.8. Further, the least possible slope must be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm).

f) §§4.1 and 4.14, which require entrances that must be accessible by 4.1 shall be part of an accessible route complying with 4.3. Such entrances must be connected by an accessible route to public transportation stops, to accessible parking and passenger loading zones, and to public streets or sidewalks if available (see 4.3.2(1)). They shall also be connected by an accessible route to all accessible spaces or elements within the building or facility.

34. In discriminating against people with disabilities by preventing physical access to the Store #1 and Store #2, as alleged above, Defendants have failed to comply with Article 9102, thereby violating Chapter 121 and the rights of Plaintiffs. Tex. Hum. Res. Code Ann. §121.003(d)(1) (Vernon 2002).

35. Defendant's failure to make Store #1 and Store #2 equally accessible has denied, and continues to deny, Plaintiffs and others similarly situated, due to their disabilities, the same rights that able-bodied persons have to the full use and enjoyment of those public facilities, in violation of Chapter 121. Tex. Hum. Res. Code Ann. §121.003(a) (Vernon 2002).

36. Chapter 121 provides for a penalty of at least $100 to an aggrieved party for each violation of the law, for which Defendants are liable to Plaintiffs as a result of the allegations herein. Tex. Hum. Res. Code Ann. §121.004(a) (Vernon 2002). There is no statutory limit to this penalty.

### INJUNCTIVE RELIEF

37. Because Plaintiff and other disabled individuals will continue to experience unlawful discrimination because of Defendant's failure and refusal to comply with the ADA and Texas law, injunctive relief is necessary to order Defendant to accommodate Plaintiff and other persons with disabilities, so they can fully use and enjoy Defendant's facilities, as required by law.

### DECLARATORY JUDGMENT

38. Plaintiff is entitled to a declaratory judgment concerning each of Allsup's violations of federal and state law, specifying his rights as a person with disabilities regarding Defendant's public accommodation, and the facilities, goods, and services available to the public there.

### ATTORNEY'S FEES AND COSTS

39. Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to the ADA, 42 U.S.C. §1988, and the Texas Declaratory Judgment Act.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court award him the following relief:

A. A permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent Plaintiff from having access to the goods, services, facilities, privileges, advantages and accommodations Defendant offers at Store #1 and Store #2; and enjoining Defendant from violating the ADA, Chapter 121, and Article 9102, and from discriminating against Plaintiff in violation of law;

B. A declaratory judgment that Defendant's physical barriers, and, in addition, practices, policies, and procedures in the past have prevented, and continue to prevent, Plaintiff from fully accessing Store #1 and Store #2, and discriminate against him, in violation of the ADA, Chapter 121, and Article 9102;

C. Award Plaintiff actual and/or statutory damages in the amount of at least $100 per violation of Chapter 121;

D. Find that Plaintiff is the prevailing party in this action, and order Defendant liable for all of Plaintiff's attorney's fees, costs, and expenses; and,

E. Grant such other and additional relief to which Plaintiff may be entitled in this action.

Dated: July 25, 2003.

Respectfully submitted,

_____
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis
Austin, Texas 78741-3438
  (512) 474-5073 [telephone]
  (512) 474-0726 [facsimile]

ATTORNEYS FOR PLAINTIFF